UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22169-BLOOM/Louis

GENE POGUE,

    Plaintiff,

v.

APEX TOOL GROUP, LLC,

    Defendant.

_____/

**ORDER REMANDING CASE**

**THIS CAUSE** is before the Court upon a *sua sponte* review of Defendant's Notice and Petition of Removal, ECF No. [1] ("Notice"), and Plaintiff's Complaint ("Complaint"), ECF No. [1-1] at 4-10, which was removed from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court. For the reasons set forth below, the Court finds that Defendant has failed to establish the existence of subject matter jurisdiction in this case.

A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Here, in the Notice, Defendant asserts that this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. ECF No. [1]. "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1332(a). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. (citation omitted).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. *See id.* "However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l, L.P.*, No. 8:16-cv-306-T-24 JSS, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Case No. 19-cv-22169-BLOOM/Louis

In this case, the Court first reviews the allegations in the Complaint – the operative pleading – to determine whether the amount in controversy is satisfied. Plaintiff's Complaint asserts claims related to injuries he sustained as a result of Defendant's negligence. Significantly, in the second paragraph of the Complaint, Plaintiff alleges only that: "[t]his is an action for damages in excess of $15,000 exclusive of costs and interest . . . ." ECF No. [1-1] at 4, ¶ 1. As such, it is not facially apparent from the Complaint that the amount in controversy is satisfied.

Because Plaintiff does not plead a specific amount of damages, the Court next looks at the Defendant's Notice to determine whether the amount in controversy is satisfied, mindful that it is Defendant's burden to establish subject matter jurisdiction. Defendant contends that the amount in controversy is satisfied because Plaintiff claims numerous physical injuries, significant medical expenses, pain and suffering. In addition, Plaintiff has made pre-suit demands upon Defendant that exceed $75,000. However, other than these conclusory assertions, Defendant provides no supporting facts or other information from which the Court could is able to conclude that Defendant has met its burden of proving that the amount-in-controversy requirement. Defendant has not indicated to the Court what the amount of Plaintiff's "significant" medical expenses may be, nor has Defendant informed the Court of the amount or timing of Plaintiff's pre-suit demands.

The Court notes that while the injuries sustained by Plaintiff and the damages he seeks as a result may very well exceed the amount in controversy, they may very well not. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-1320; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (finding defendant failed to satisfy burden of proof regarding amount in controversy where defendant offered only conclusory allegations); *Gaitor v. Peninsular & Occidental S.S. Co.*,

3

287 F.2d 252, 254-55 (5th Cir. 1961) (stating that removing defendant must make "an affirmative showing . . . of all the requisite factors of diversity jurisdiction" and that "the amount in controversy being open was ground for remand.").[1]

As such, the Court finds that Defendant's Notice is facially deficient in that it fails to demonstrate that the $75,000 amount-in-controversy requirement has been satisfied.  The Court, therefore, concludes that diversity jurisdiction is lacking, rendering it without subject matter jurisdiction to preside over Plaintiff's claims.

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 29, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).